**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION AT LAFAYETTE**

INDIANA RIGHT TO LIFE, INC., and )
ARLINE SPRAU, )
            )
      Plaintiffs, )
            )
      v. )      Case No. 4:04-CV-0071AS
            )
RANDALL T. SHEPARD, *et al.*, )
            )
            )
      Defendants. )

**MEMORANDUM, ORDER & OPINION**

This matter is before the Court on Defendants' motion for leave to file eleven additional interrogatories (Docket No. 62); Defendants' motion to compel answers to interrogatories and requests for production (Docket No. 63); and Defendants' motion to reimburse fees and expenses for cancelled depositions (Docket No. 64).

    I.       Motions for leave to file additional interrogatories and to compel

Pursuant to Federal Rule of Civil Procedure 37(a)(2)(B), if "a party fails to answer an interrogatory . . . the discovering party may move for an order compelling an answer."  For such a motion to be granted, it "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action."  *Id*.; *see Employers Ins. of Wassau v. Titan Intern., Inc.*, 400 F.3d 486, 490 (7th Cir. 2005).

Defendants' motions for leave to file additional interrogatories and to compel fail to certify that they made a good-faith attempt to obtain the discovery without resort to action in this Court.  In fact, it appears that the Defendants did not attempt to confer with Plaintiffs' counsel on

this matter until *after* they had filed a motion to compel.  The motions for leave to file additional interrogatories and to compel were filed on August 15, 2005.[1]  According to their reply memorandum, Defendants' counsel contacted Plaintiffs' counsel about this matter on September 9, 2005.  Reply Memorandum ¶ 12 at p. 5; Exhibits I, J (Docket No. 81).  This is clearly insufficient to comply with Federal Rule of Civil Procedure 37(a)(2)(B).  Even if Defendants' counsel had properly conferred with Plaintiffs' counsel before filing their motion to compel, the certification must be included in the motion.  Defendants' motions are **DENIED**.

      II.    Motion to Reimburse Fees and Expenses

Defendants also move the Court to order Indiana Right to Life to reimburse the Commission for fees and expenses under Federal Rule of Civil Procedure 30(g)(1) for canceling a noticed deposition.  According to Defendants' motion, Indiana Right to Life was schedule to depose Chief Justice Shepard at 2:00 p.m. on July 18, 2005.  Motion ¶ 18 at 7 (Docket No. 63).  On that morning, less than five hours before Chief Justice Shepard's deposition was to take place, counsel for the Plaintiffs emailed counsel for the Commission and cancelled Chief Justice Shepard's deposition.  Defendants ask the Court to order reimbursement of fees incurred in coordinating a schedule with the deponents and in preparing for the depositions.

When the party giving notice of a deposition fails to attend the deposition, Federal Rule of Civil Procedure 30(g)(1) allows the court to order the noticing party to pay reasonable expenses and attorneys fees incurred by the attending party.  Plaintiffs' only response to the motion is to point to Federal Rule of Civil Procedure 7(b)(1), which requires all motions to "state with particularity the grounds therefor, and set forth the relief or order sought."  Defendants'

---

[1]These motions were entered on the docket on August 22, 2005.

2

motion is sufficient to satisfy the particularity requirements of Rule 7(b)(1).  Therefore, the motion to reimburse fees and expenses is **GRANTED**.  The Defendants shall submit properly supported documentation of reasonable costs and fees incurred in attending the deposition for review and approval by the Court.  The submission must be made no later than ten days after the issuance of this order.

      III.    Conclusion

Based on the foregoing, Defendants' motion for leave to file eleven additional interrogatories (Docket No. 62) is **DENIED**.  Defendants' motion to compel answers to interrogatories and requests for production (Docket No. 63) is **DENIED**.  Defendants' motion to reimburse fees and expenses for cancelled depositions (Docket No. 64) is **GRANTED**.

**IT IS SO ORDERED.**

**Date: March 29, 2006**                    **_____S/ ALLEN SHARP_____**
                                              **ALLEN SHARP, JUDGE**
                                              **UNITED STATES DISTRICT COURT**